## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| 3M COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:20-cv-00697-LY |
| NEXUS MEDICAL LLC, VINASIA CHE TAO LLC, and DOES 1-10 | § § § § | |
| Defendants. | § | |

## DECLARATION OF WILLIAM GORDON CHILDS

I, William Gordon Childs, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am a resident of the State of Minnesota; over the age of 18; and competent to make this declaration. I could and would testify as to the matters set forth herein if called upon to do so.

2. I am Senior Counsel for 3M Company ("3M"). I am also a member in good standing of the Texas Bar.

3. On May 22, 2020, 3M's legal department received three letters (the "T&K Correspondence") from L. James Berglund, an attorney at Thompson & Knight LLP ("Thompson & Knight"). The first letter forwarded correspondence authored by Austin P. Smith, attorney at Thompson & Knight, and was dated May 3, 2020. A true and correct copy of that letter, is attached as **Exhibit 1**.

4. The second letter from L. James Berglund, forwarded correspondence dated May 7, 2020, was also authored by Austin P. Smith. A true and correct copy of that letter, is attached as **Exhibit 2**.

5. The third letter from L. James Berglund, forwarded correspondence dated May 11, 2020, was also authored by Austin P. Smith. A true and correct copy of that letter, is attached as **Exhibit 3**.

6. The attached letters in the T&K Correspondence, each signed by Mr. Smith, makes a series of representations regarding an alleged relationship between Nexus Medical LLC ("Nexus Medical") and 3M, including: availability of funds in escrow to place a purchase order and prior orders placed for healthcare providers and governmental agencies.

7. Each of the statements contained in the May 3, 2020, May 7, 2020 and May 11, 2020 letters received from Thompson & Knight regarding Nexus Medical's purported relationship with 3M or access to 3M's products is false. Nexus Medical and VinAsia Che Tao LLC ("VinAsia") have no contractual relationship with 3M, are not 3M distributors or sub-distributors, have never placed an order with 3M, and cannot fulfill any order for 3M products because they are not an authorized distributor of 3M products. 3M has no agreement with either of these entities to provide access to 3M products.

8. In Exhibits 1, 2, and 3 Thompson & Knight's General Counsel disavowed all contents of its now-former associate's letters making these representations. Thompson & Knight openly disclaims the above-mentioned correspondence and any future involvement in the transactions described therein.

9. Through its fraud reporting portal, 3M received correspondence attached hereto as **Exhibit 4.** Therein, Defendant VinAsia repeatedly outlined 3M's supposed involvement in the

process, including: "1) 3M manufactures masks; 2) 3M then has an SGS report done to inspect quality and reliability; 3) 3M will ship the product to the customer CIF; 4) 3M notifies the attorneys, customer, and Sellers with an SGS report and shipping report; 5) The attorneys then release payment ONLY for the product being shipped and passed inspection." VinAsia also made representations regarding 3M's purchasing processes including the involvement of escrowed funds and attorneys and the customers to whom 3M ships product. The information provided in Exhibit 4 regarding 3M's purchasing process is false. VinAsia also identifies itself as a "3M Authorized Sub Distributor." I have inquired with the relevant business units at 3M and have confirmed that VinAsia is not authorized by 3M as a distributor (or sub-distributor).

10. Through its fraud reporting portal, 3M received correspondence attached hereto as **Exhibit 5.** This correspondence includes a representation that Nexus Medical placed "Purchase Order 2004241" for "100,000,000 3M 1860 respirators" for the State of California Division of General Services. This is false, Nexus Medical never placed such purchase order, nor any other order for the State of California Division of General Services. I have inquired with the relevant business units at 3M and have confirmed that Nexus Medical is not an authorized 3M distributor and lacks access to place the purported Purchase Order.

11. Through its fraud reporting portal, 3M received correspondence attached hereto as **Exhibit 6.** This correspondence describes representations made by Nexus Medical to the State of California regarding availability of 50 million 3M masks at $3.27 per unit. Nexus Medical did not have access to place said order with 3M, nor was the price provide therein reflective of 3M's pricing. 3M has made its list prices for respirators available on its website since March of 2020.

12. On May 11, 2020, via its fraud reporting portal, 3M received correspondence attached hereto as **Exhibit 7**. This letter, with the subject line "Proof of contractual relationship

with 3M," signed by Austin Smith, then at Thompson & Knight, states that Nexus Medical "has contractual relationships directly with 3M" and "has placed and can place order for production of 3M 1860 masks in the One Hundred Million mask allotments or more." The letter further states that: "Nexus Medical and VinAsia Che Tao, LLC and Instadose have an agreement to provide access to 3M production for their clients." These statements are false. These entities have no contractual relationship with 3M, have never placed an order with 3M and cannot fulfill any order for 3M products because they are not an authorized distributor of 3M products. 3M has no agreement with Nexus Medical, VinAsia or Instadose to provide access to 3M products. The author of this letter is the same as the author of the letters addressed to 3M that the law firm of Thompson & Knight has disclaimed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this the 1st day of July, 2020.

*/s/ William Gordon Childs*
WILLIAM GORDON CHILDS