**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **3M COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CAUSE NO. 1:20-CV-697-LY** |
| **v.** | § | |
| | § | |
| **NEXUS MEDICAL LLC,** | § | |
| **VINASIA CHE TAO LLC, and** | § | |
| **DOES 1-10,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT VINASIA CHE TOA, LLC'S**
**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant VinAsia Che Tao, LLC ("VinAsia" or "Defendant") files its Answer to Plaintiff 3M Company's ("3M" or "Plaintiff") Original Complaint and shows the Court the following

## I.    NATURE OF THE ACTION

1.      Paragraph 1 is Plaintiff's description of the nature of its lawsuit, to which no response is required. To the extent a response is required, VinAsia denies the allegations in paragraph 1.

2.      VinAsia denies the allegations in paragraph 2.

3.      The first sentence of paragraph 3 does not contain allegations which pertain to VinAsia, therefore no response is required. With respect to the remaining allegations in paragraph 3, they represent legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

4.      VinAsia denies the allegation in the first sentence of paragraph 4. The remainder of paragraph 4 represents Plaintiff's summarization of what it seeks from the Court, to which no

response is required. To the extent a response is required, VinAsia denies the allegations in paragraph 4 and denies Plaintiff is entitled to the relief it seeks.

5.      The allegations in paragraph 5 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 5, and therefore, denies same.

6.      The allegations in paragraph 6 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 6, and therefore, denies same.

7.      The allegations in paragraph 7 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 7, and therefore, denies same.

8.      VinAsia denies it sent correspondence to Instadose Pharma Ltd. dated May 6, 2020 (the "May 6 Correspondence"). VinAsia denies it prepared the May 6 Correspondence and VinAsia denies the remaining allegations in paragraph 8.

9.      It is unclear whether Plaintiff is referencing the May 6 Correspondence identified in paragraph 8 where it purportedly attempts to quote VinAsia. To the extent Plaintiff is referring to the May 6 Correspondence, VinAsia states the document speaks for itself and denies any allegations inconsistent with it. VinAsia is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 9, and therefore, denies same.

10.     VinAsia denies the allegations in paragraph 10.

11.     It is unclear whether Plaintiff is referencing the May 6 Correspondence identified in paragraph 8 where it purportedly attempts to quote VinAsia. To the extent

Plaintiff is referring to the May 6 Correspondence, VinAsia states the document speaks for itself and denies any allegations inconsistent with it. VinAsia is without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 11, and therefore, denies same.

12.     Paragraph 12 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

13.     The first sentence of Paragraph 13 is Plaintiff's characterization of its purpose for bringing this lawsuit, to which no response is required. To the extent a response is required, VinAsia denies the allegations in paragraph 13 and denies Plaintiff is entitled to the relief it seeks.

14.     Paragraph 14 does not contain allegations and is instead Plaintiff's explanation of what actions it has and/or will take with respect to the alleged controversy outlined in the Complaint, to which no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## II.     BACKGROUND

15.     Paragraph 15 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

16.     Paragraph 16 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

17.     Paragraph 17 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

18.     Paragraph 18 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

19.     Paragraph 19 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

20.     Paragraph 20 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

21.     Paragraph 21 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

22.     Paragraph 22 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

23.     Paragraph 23 does not contain allegations which pertain to VinAsia, or presents legal conclusions and argument, therefore no response is required. To the extent a response is required, VinAsia denies same.

24.     Paragraph 24 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

### III.     THE PARTIES

25.     The allegations in paragraph 25 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 25, and therefore, denies same.

26.     The allegations in paragraph 26 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 26, and therefore, denies same.

27.     VinAsia admits it is a Wyoming limited liability company and maintains a registered agent service in Wyoming. To the extent not specifically admitted, VinAsia denies the remaining allegations in paragraph 27.

28.     The allegations in paragraph 28 do not pertain to VinAsia. VinAsia is without information or knowledge sufficient to admit or deny the allegations in paragraph 28, and therefore, denies same.

### IV.     JURISDICTION AND VENUE

29.     Paragraph 29 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

30.     Paragraph 30 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

31.     Paragraph 31 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

32.     Paragraph 32 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

33.     Paragraph 33 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

34.     Paragraph 34 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

# V. FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A. Plaintiff 3M**

35.     Paragraph 35 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

### 1. The 3M Brand

36.     Paragraph 36 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

37.     Paragraph 37 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

### 2. The Famous "3M" Respirators

38.     Paragraph 38 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

39.     Paragraph 39 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

40.     Paragraph 40 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

41.     Paragraph 41 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

42.     Paragraph 42 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

43.     Paragraph 43 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

44.     Paragraph 44 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

45.     Paragraph 45 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

### 3.  *3M's Extensive Efforts to Assist with the Battle Against COVID-19*

46.     Paragraph 46 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

47.     Paragraph 47 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

48.     Paragraph 48 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

49.     Paragraph 49 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

50.     Paragraph 50 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

51.     Paragraph 51 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

**B. Defendants' Unlawful Conduct**

52.     Paragraph 52 presents legal conclusions and argument to which no response is required. To the extent a response is required, VinAsia denies same.

*1.      Nexus Medical Falsely Claims to be a Distributor to State Agencies, First Responders and the State of California.*

53.     Paragraph 53 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

54.     Paragraph 54 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

55.     Paragraph 55 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

*2.  Nexus Medical Claims to be Connected to Distinguished and Famous Individuals in Efforts to Legitimize Their Operations and Lure in Consumers*

56.     Paragraph 56 does not contain allegations which pertain to VinAsia, or presents legal conclusions and argument, therefore no response is required. To the extent a response is required, VinAsia denies same.

57.     VinAsia denies the allegations in paragraph 57.

*3.      Defendants Seek to Defraud Buyers by Claiming a False Affiliation with 3M.*

58.     Paragraph 58 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

59.     VinAsia admits it does not have a contractual relationship with Plaintiff. The remaining allegations in paragraph 59 are not allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

60.     Paragraph 60 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

61.     Paragraph 61 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

62.     Paragraph 62 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

63.     Paragraph 63 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

64.     Paragraph 64 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

65.     VinAsia denies it has any connection to the May 6 Correspondence and denies any allegations in connection with it. The remaining allegations present legal conclusions and argument or VinAsia is without information or knowledge sufficient to admit or deny them, and therefore, denies same.

66.     Paragraph 66 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

67.     Paragraph 67 does not contain allegations which pertain to VinAsia, or presents legal conclusions and argument, therefore no response is required. To the extent a response is required, VinAsia denies same.

68. Paragraph 68 does not contain allegations which pertain to VinAsia, therefore no response is required. To the extent a response is required, VinAsia denies same.

## VI.     CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

*(Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))*
*(Infringement of the Federally Registered 3M Trademarks)*

69. VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

70. VinAsia states the allegations in paragraph 70 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

71. VinAsia states the allegations in paragraph 71 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

72. VinAsia states the allegations in paragraph 72 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

73. VinAsia states the allegations in paragraph 73 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

74. VinAsia states the allegations in paragraph 74 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

75.     VinAsia states the allegations in paragraph 75 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

76.     VinAsia states the allegations in paragraph 76 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

77.     VinAsia states the allegations in paragraph 77 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

78.     VinAsia states the allegations in paragraph 78 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

79.     VinAsia states the allegations in paragraph 79 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

80.     VinAsia states the allegations in paragraph 80 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

81.     VinAsia states the allegations in paragraph 81 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

82.    VinAsia states the allegations in paragraph 82 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

83.    VinAsia states the allegations in paragraph 83 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

84.    VinAsia states the allegations in paragraph 84 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

85.    VinAsia states the allegations in paragraph 85 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

86.    VinAsia states the allegations in paragraph 86 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## SECOND CLAIM FOR RELIEF

*(Unfair Competition, False Endorsement, False Association, and False Designation of Origin Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))*
*(Use of the 3M Trademarks)*

87.    VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

88.     VinAsia states the allegations in paragraph 88 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

89.     VinAsia states the allegations in paragraph 89 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

90.     VinAsia states the allegations in paragraph 90 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

91.     VinAsia states the allegations in paragraph 91 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

92.     VinAsia states the allegations in paragraph 92 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

93.     VinAsia states the allegations in paragraph 93 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

94.     VinAsia states the allegations in paragraph 94 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## THIRD CLAIM FOR RELIEF

*(Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)) (Dilution of the Famous 3M Trademarks)*

95.     VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

96.     VinAsia states the allegations in paragraph 96 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

97.     VinAsia states the allegations in paragraph 97 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

98.     VinAsia states the allegations in paragraph 98 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

99.     VinAsia states the allegations in paragraph 99 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

100.    VinAsia states the allegations in paragraph 100 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

101.    VinAsia states the allegations in paragraph 101 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

102. VinAsia states the allegations in paragraph 102 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

103. VinAsia states the allegations in paragraph 103 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

104. VinAsia states the allegations in paragraph 104 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## FOURTH CLAIM FOR RELIEF

*(False Advertising Under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B))*

105. VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

106. VinAsia states the allegations in paragraph 106 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

107. VinAsia states the allegations in paragraph 107 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

108. VinAsia states the allegations in paragraph 108 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

109.     VinAsia states the allegations in paragraph 109 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## FIFTH CLAIM FOR RELIEF

*(Dilution and Injury to Business Reputation Under The Texas Trademark Act)*
*(Dilution of, Injury to the 3M Brand and Famous 3M Trademarks)*

110.     VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

111.     VinAsia states the allegations in paragraph 111 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

112.     VinAsia states the allegations in paragraph 112 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

113.     VinAsia states the allegations in paragraph 113 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

114.     VinAsia states the allegations in paragraph 114 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

115.     VinAsia states the allegations in paragraph 115 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response

is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## SIXTH CLAIM FOR RELIEF

*(Unfair Competition and Passing Off Under Texas Common Law)*
*(Use of the 3M Trademarks)*

116.　VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

117.　VinAsia states the allegations in paragraph 117 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

118.　VinAsia states the allegations in paragraph 118 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

119.　VinAsia states the allegations in paragraph 119 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

120.　VinAsia states the allegations in paragraph 120 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

121.　VinAsia states the allegations in paragraph 121 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

122.    VinAsia states the allegations in paragraph 122 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

123.    VinAsia states the allegations in paragraph 123 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## SEVENTH CLAIM FOR RELIEF

*(Conspiracy)*
*(Use of the 3M Trademarks)*

124.    VinAsia repeats and incorporates by reference the foregoing statements and allegations as though set forth fully herein.

125.    VinAsia states the allegations in paragraph 125 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

126.    VinAsia states the allegations in paragraph 126 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

127.    VinAsia states the allegations in paragraph 127 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

128.    VinAsia states the allegations in paragraph 128 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

129. VinAsia states the allegations in paragraph 129 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same.

130. VinAsia states the allegations in paragraph 130 constitute nothing more than argument and/or conclusions of law, rather than statements of fact, therefore no response is required. To the extent a response is required, VinAsia denies same and denies Plaintiff is entitled to the relief it seeks.

## VII. PRAYER FOR RELIEF

131. VinAsia denies Plaintiff is entitled to the relief sought in the WHEREFORE clause and its subparts beginning on page 32 of the Complaint.

## DEMAND FOR JURY TRIAL

VinAsia demands a trial by jury for all issues presented, pursuant to Fed. R. Civ. P. 38(b) and 38(c).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE *(Failure to State a Claim)*

1. Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE *(Bona Fide Error)*

2. Plaintiff's claims are barred, in whole or in part, because any wrongful act or omission alleged to have been committed was a good faith result of a bona fide error.

### THIRD AFFIRMATIVE DEFENSE *(Waiver, Laches and Estoppel)*

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of consent, knowledge, waiver, ratification, estoppel, and/or laches.

### RELIEF REQUESTED

Defendant specifically denies that it perpetrated a false and deceptive scheme on unwitting customers and consumers during the global COVID-19 pandemic, and further denies that 3M is entitled to any relief whatsoever from the District Court. Defendant further denies each and every factual allegation in the prayer for relief of the Complaint, including subparagraphs thereof.

WHEREFORE, Defendant prays that this Court enter a judgment:

A.  Against 3M and in favor of Defendants;

B.  Dismissing 3M's Complaint in its entirety with prejudice and adjudging that 3M is entitled to no relief whatsoever from Defendant;

C.  Adjudging that 3M take nothing by its Complaint;

D.  Awarding Defendant VinAsia its costs and attorney's fees; and

E.  Awarding Defendant VinAsia such other and further relief as the Court deems appropriate.

Respectfully submitted,

**LIBBY SPARKS WILLIS STARNES PLLC**
5950 Berkshire Lane, Suite 200
Dallas, TX 75225
**T**: 214-390-2300
**F**: 214-390-9965

_____
**Ryan A. Starnes**
State Bar No. 24070669
rstarnes@libbysparks.com
**J. Brad Bryan**
State Bar No. 24073254
bbryan@libbysparks.com
**Roxanne Hajikhani**
State Bar No. 24091227
rhajikhani@libbysparks.com

## CERTIFICATE OF SERVICE

On July 31, 2020 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court pursuant to Local Rule CV-5. I hereby certify that I have served a copy of the foregoing on the following via e-mail and via overnight courier:

| | |
|---|---|
| Michael W. O'Donnell<br>mike.odonnell@nortonrosefulbright.com<br>Aimeé Vidaurri<br>aimee.vidaurri@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br><br>***ATTORNEYS FOR PLAINTIFF 3M COMPANY*** | Paul Trahan<br>Paul.trahan@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br><br>***ATTORNEYS FOR PLAINTIFF 3M COMPANY*** |
| Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 76824<br>info@nexusmedicalproducts.com | Jim Fultz<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 76824<br>jim@nexusmedicalproducts.com |
| Vicky Lynn Outlaw<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>vicky.burl@gmail.com<br>vicky.outlaw1@gmail.com<br>vicky.outlaw@yahoo.com<br>vickyjohnson2@aol.com<br>burloutlaw@aol.com | George Burl Outlaw<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>burloutlaw@gmail.com |
| David Schiller<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>david@nexusmedicalproducts.com | David Schiller<br>4108 Kirkmeadow Lane<br>Dallas, Texas 75287<br>davids1071@yahoo.com |

**Ryan A. Starnes**