IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| 3M COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NEXUS MEDICAL LLC, <br> VINASIA CHE TAO LLC, and <br> DOES 1-10, <br><br> Defendants. | § § § § § § § § § § § § § CAUSE NO. 1:20-CV-697-LY |

**DEFENDANT VINASIA CHE TOA, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY**

Defendant VinAsia Che Tao, LLC ("VinAsia") files its Response in Opposition ("Response") to Plaintiff 3M Company's ("3M" or "Plaintiff") Application for A Temporary Restraining Order, Preliminary Injunction and Motion for Expedited Discovery ("Application"), and shows the Court the following:

### I. INTRODUCTION

1. Plaintiff claims that "Defendants are running a scam designed to exploit the high demand for personal protective equipment ("PPE") during one of the largest public heath crises in modern history." See Dkt. 8-2 at page 8. Remarkably, Plaintiff makes this bold statement without any admissible evidence against VinAsia. Indeed, Plaintiff in its Petition and Application group VinAsia in with Nexus Medical throughout referring to them collectively as "defendants," and making broad stroke accusations against the "defendants." To the contrary, VinAsia has not infringed on Plaintiff's mark. Further, VinAsia is no longer operating in the United States.

## II. AUTHORITY

2. A list of the cases and authority relied upon in this Response is as follows:

- Fed. R. Evid. 801 – 807;

- Fed. R. Evid. 901 – 903;

- *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998)

- *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591 (5th Cir. 1985)

- *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986 (S.D. Tex. 2004)

## III. OBJECTIONS TO EVIDENCE

3. A look at the purported evidence, however, proffered against VinAsia shows that Plaintiff has failed to meet its burden with respect to VinAsia. References to VinAsia only appear twice in documents supporting the Application. Once in exhibit 4 and to the Declaration of William Gordon Childs [Dkt. 10] ("Childs Affidavit"), and once in exhibit 7 to the Childs Affidavit.

### A. The letter from Thompson & Knight is Inadmissible Hearsay and has no connection to VinAsia

4. The Childs Affidavit mentions VinAsia in paragraphs 7, 9, and 12. Mr. Childs, however, provides no personal knowledge, or facts for that matter, that show any connection or partnership between VinAsia and Nexus Medical. Mr. Childs states in paragraph 7 that Plaintiff received a letter from an attorney at Thompson & Knight, Austin Smith, on May 7, 2020, referencing VinAsia ("TK Letter"). The relevant letter is Exhibit 7 to the Childs Affidavit and is discussed further in paragraph 12 of the affidavit.

5. The TK Letter states "Nexus Medical and VinAsia Che Tao, LLC and Instadose have an agreement to provide access to 3M production for their clients." [Dkt. 10-1, Exhibit 7.] The TK Letter provides no evidence of wrongdoing by VinAsia and it is objectionable on its face.

6. All the statements therein are hearsay without exception. Fed. R. Evid. 801 – 807. There is no statement contained in the TK Letter from VinAsia. Mr. Smith does not purport to represent VinAsia or have any authority to speak on behalf of VinAsia. The TK Letter is not authenticated and does not otherwise qualify as a business record. *Id.* and Fed. R. Evid. 901 – 903. The TK Letter also fails to provide any insight as to where Mr. Austin may have gotten this information or that it is reliable in any way.

7. Even more troubling is that any credibility the TK Letter might have had as to VinAsia is discredited by the Childs Affidavit in paragraph 8. [Dkt. 10.] The Childs Affidavit clearly indicates that the TK Letter is not to be trusted and that all the information contained therein is false. Further, the Childs Affidavit goes on to hold that the TK Letter was disavowed by Thompson & Knight's general counsel and was written by a rogue former associate that made false representations and had no authority to speak on behalf of Thompson & Knight. [Dkt. 10, paragraph 8.] It defies logic that Plaintiff wants to rely on correspondence that is so obviously fraudulent and written by a third-party to show wrongdoing on behalf of VinAsia.

### B. *The Purported Letter in Exhibit 4 is Inadmissible Hearsay and is not Evidence*

8. Exhibit 4 is a letter that purports to be on VinAsia letterhead and allegedly is being directed to Instadose Pharma Ltd. ("Purported Letter"). The Purported Letter is similarly inadmissible hearsay, is not authenticated, and provides no evidence against VinAsia. In short, VinAsia vehemently denies that it prepared or had any involvement with the Purported Letter; VinAsia intends to supplement this response with an affidavit confirming the foregoing.

9. The Childs Affidavit states that the Purported Letter was received through Plaintiff's fraud reporting portal. The Purported Letter is not signed, there is no evidence that the Purported Letter was prepared by anyone at VinAsia, that it was an authorized communication from VinAsia, that

it was ever sent to Instadose Pharma Ltd. (no address for Instadose is provided), no evidence of who provided it to the fraud reporting portal, etc. In short, it is not evidence of any wrongdoing on behalf of VinAsia.

## IV. NO SHOWING OF USE OF PLAINTIFF'S MARK

10. As detailed above, there is no reliable evidence submitted that VinAsia has indeed used Plaintiff's mark. An important element of Plaintiff's claim is a showing that VinAsia made use of the mark in question *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998).

11. As detailed above, there is no basis to conclude that the Purported Letter was prepared by VinAsia or sent to any third-parties, and thus no basis to conclude that there has been, or will be, any conduct by VinAsia that could potentially cause consumer confusion. Likelihood of confusion is…the central issue in any suit for trademark infringement. *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 594 (5th Cir. 1985). Since there is no use of Plaintiff's mark by VinAsia, Plaintiff will not suffer irreparable harm.

## V. OBJECTION TO EXPEDITED DISCOVERY.

12. Plaintiff has failed to make a showing of good cause for expedited discovery as to VinAsia. *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004). VinAsia's records are primarily based in Vietnam. Given COVID-19, the time difference, and the extreme distance, VinAsia would surely be prejudiced in having to produce records on an expedited schedule.

13. This is especially true in light of the fact that VinAsia is no longer doing business in the United States, it was a victim of Nexus Medical as well, and there has been no showing by the Plaintiffs that VinAsia has used Plaintiff's Mark. Plaintiff merely concludes on page 29 of its

Application that "infringement is ongoing and continuous." [Dkt. 8-2, page 29.] There is no evidence in the record supporting that statement as to VinAsia.

VI. CONCLUSION

VinAsia prays that this Court (1) deny Plaintiff's Application for Temporary Restraining Order and Permanent Injunction; (2) deny Plaintiff's Motion for Expedited Discovery; and (3) grant VinAsia all other and further relief to which it is justly entitled.

Respectfully submitted,

**LIBBY SPARKS WILLIS STARNES PLLC**
5950 Berkshire Lane, Suite 200
Dallas, TX 75225
**T**: 214-390-2300
**F**: 214-390-9965

*/s/ Ryan A. Starnes*

**Ryan A. Starnes**
State Bar No. 24070669
rstarnes@libbysparks.com
**ATTORNEYS FOR DEFENDANT VINASIA CHE TOA, LLC**

## CERTIFICATE OF SERVICE

      On July 31, 2020 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court pursuant to Local Rule CV-5. I hereby certify that I have served a copy of the foregoing on the following via e-mail:

| | |
|---|---|
| Michael W. O'Donnell<br>mike.odonnell@nortonrosefulbright.com<br>Aimeé Vidaurri<br>aimee.vidaurri@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>Frost Tower<br>111 W. Houston Street, Suite 1800<br>San Antonio, Texas 78205<br><br>***ATTORNEYS FOR PLAINTIFF 3M COMPANY*** | Paul Trahan<br>Paul.trahan@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br><br>***ATTORNEYS FOR PLAINTIFF 3M COMPANY*** |
| Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 76824<br>info@nexusmedicalproducts.com | Jim Fultz<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 76824<br>jim@nexusmedicalproducts.com |
| Vicky Lynn Outlaw<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>vicky.burl@gmail.com<br>vicky.outlaw1@gmail.com<br>vicky.outlaw@yahoo.com<br>vickyjohnson2@aol.com<br>burloutlaw@aol.com | George Burl Outlaw<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>burloutlaw@gmail.com |
| David Schiller<br>Nexus Medical LLC<br>108 E. Trailmoor, Suite 6<br>Fredericksburg, Texas 78624<br>david@nexusmedicalproducts.com | David Schiller<br>4108 Kirkmeadow Lane<br>Dallas, Texas 75287<br>davids1071@yahoo.com |

                                                                */s/ Ryan A. Starnes*
                                                                 **Ryan A. Starnes**