IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 3M COMPANY, | § | |
| Plaintiff, | § § § | |
| v. | § § | CAUSE NO. 1:20-CV-697-LY |
| NEXUS MEDICAL LLC, VINASIA CHE TAO LLC, and DOES 1-10, | § § § § § | |
| Defendants. | § | |

## DECLARATION OF MARIO GASCA

I, Mario Gasca, pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am currently in Puerto Rico, am over the age of 18, and competent to make this declaration. I could and would testify as to the matters set forth herein, if called upon to do so.

2. I am the president of VinAsia Che Tao LLC ("VinAsia"). The information set forth herein is based on my personal knowledge obtained through the course of my duties at VinAsia.

3. The information set forth herein is based on: (1) my position with VinAsia; (2) my review of Plaintiff's Original Complaint; and (3) my review of purported evidence submitted in support of Plaintiff's Application for Temporary Restraining Order, Temporary Injunction and Motion for Expedited Discovery.

4. I submit this declaration in support of VinAsia's Opposition to 3M Company's application for a temporary restraining order, temporary injunction and motion for expedited discovery ("Application") against VinAsia in the above-referenced action.

5. I have reviewed the documents attached to the Declaration of Wm. Gordon Childs (the "Childs Declaration") filed in Support of Plaintiff's Application. The Childs Declaration states in paragraph 7 that Plaintiff received a letter from an attorney at Thompson & Knight, Austin Smith, on May 7, 2020, referencing VinAsia ("TK Letter"). The relevant letter is Exhibit 7 to the Childs Declaration and is discussed further in paragraph 12 of the declaration.

6. The TK Letter states, "Nexus Medical and VinAsia Che Tao, LLC and Instadose have an agreement to provide access to 3M production for their clients." [Dkt. 10-1, Exhibit 7.]

7. Mr. Smith did not and does not represent VinAsia or have any authority to speak on behalf of VinAsia. I never spoke with Mr. Smith or authorized him to make any representations on behalf of VinAsia.

8. Exhibit 4 to the Declaration is a letter that purports to be on VinAsia letterhead and allegedly is directed to Instadose Pharma Ltd. ("Purported Letter"). VinAsia denies that it prepared or had any involvement with the Purported Letter. Plaintiff's Exhibit 12 ("Exhibit 12") is the same copy of the Purported Letter but is allegedly signed by me. The signature on Exhibit 12 is not mine and I believe to be a forged signature because I never signed the Purported Letter.

9. The Purported Letter was not prepared by anyone at VinAsia, is not signed by anyone at VinAsia, and is not an authorized communication from VinAsia.

10. VinAsia never used Plaintiff's trademarks, never made any sales in the United States, and since May 2020, is no longer doing business in the United States.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on this the 5 day of August, 2020.

*Mario Gasca*
Mario Gasca

DECLARATION OF MARIO GASCA

Page | 2