FILED
2020 NOV -3 PM 4:21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 3M COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:20-cv-00697-LY |
| NEXUS MEDICAL LLC, | § | |
| VINASIA CHE TAO LLC, and | § | |
| DOES 1-10 | § | |
| | § | |
| Defendants. | | |

**ORDER ON 3M COMPANY'S UNOPPOSED MOTION TO SEVER AND
FOR ENTRY OF FINAL JUDGMENT AS TO NEXUS MEDICAL LLC**

Came on for consideration Plaintiff, 3M Company's ("3M") Unopposed Motion to Sever and for Entry of Final Judgment as to Nexus Medical LLC, pursuant to Rule 21 of the Federal Rules of Civil Procedure:

1.  On this day, the Court considered Plaintiff, 3M's "Unopposed Motion to Sever and for Entry of Final Judgment as to Nexus Medical LLC" filed in the above-captioned cause. On June 30, 2020, 3M filed an Amended Complaint against Defendants Nexus Medical LLC ("Nexus Medical") and VinAsia Che Tao LLC ("VinAsia"), alleging violations of the copyright and trademark laws of the United States. The Court granted 3M's Motion for Default Judgment and Application for Attorney's Fees against Nexus Medical on September 25, 2020. 3M now asks the Court to sever all claims against Nexus Medical from those against VinAsia pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"), and seeks a final judgment, damages awarded, attorney's fees, costs of court, and pre- and post-judgment interest at the legal rate against Nexus Medical.

After due consideration, the Court is of the opinion that 3M's Motion should be granted for the following reasons:

2. Rule 21 provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21. "Rule 21 is an appropriate vehicle to sever or dismiss the claims of even properly joined parties." *Blum v. Gen. Elec. Co.*, 547 F. Supp. 2d 717, 722 (W. D. Tex. 2008). By severing claims under Rule 21, a district court creates two separate actions by which severed claims may proceed as discrete, independent actions. *Allied Elevator, Inc. v. E. Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). District courts may then render final judgment in "either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.* (internal quotation omitted). Ultimately, district courts have broad discretion to sever claims under Rule 21. *Brunet v. United Gas Pipeline Co.*, 15 FJd 500, 505 (5th Cir. 1994).

3. In the instant case, the Court entered an Order granting default judgment against Nexus Medical and awarding attorney's fees for Plaintiff on September 25, 2020. Nevertheless, the judgment remains interlocutory as 3M's claims against VinAsia remain pending. The Court is of the opinion that all claims against Nexus Medical should be severed from those against VinAsia pursuant to Rule 21 such that a final judgment may enter against Nexus Medical.

IT IS HEREBY ORDERED that 3M's "Unopposed Motion to Sever and for Entry of Final Judgment as to Nexus Medical LLC" is GRANTED.

IT IS FURTHER ORDERED that all claims asserted against Defendant Nexus Medical be SEVERED from claims against Defendant VinAsia.

IT IS FURTHER ORDERED that the Clerk of the Court AMEND the caption in the present action to reflect that claims against Defendant VinAsia are no longer included within the above-captioned cause.

IT IS FURTHER ORDERED that the Clerk of the Court ISSUE a separate cause number in 3M's action against Defendant VinAsia.

The Court hereby makes an express determination that there is no just reason for delay and an express direction for entry of this judgment forthwith.

This is a final judgment and all relief not expressly granted is hereby denied.

SIGNED on this the __3rd__ day of __Nov.__, 2020 at ____:____ ____.m.

_____
U.S. District Judge Lee Yeakel